**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LARRY RODRIGUEZ,**

          **Plaintiff,**

-vs-                                           Case No. 6:08-cv-1994-Orl-22GJK

**ORANGE COUNTY HOUSING and
COMMUNITY DEVELOPMENT
DIVISION, and MITCHELL GLASSER,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **November 26, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot and the complaint be dismissed.

On November 26, 2008, Plaintiff Larry Rodriguez ("Plaintiff") initiated this action by filing his complaint ("Complaint") against Defendants Orange County Housing and Community Development Division, and Mitchell L. Glasser ( the "Defendants"). Doc. No. 1. Plaintiff's Complaint consists of a short narrative describing the apparent termination of his "Section 8" housing. Doc. No. 1. Plaintiff, who apparently receives or received government assistance for housing, states

that he is blind, disabled and has no one to help him. *Id*. He states that he needs "Section 8" housing to survive. *Id*. Plaintiff requests that the Court not take away Plaintiff's "Section 8" housing. *Id*. Plaintiff requests a hearing because his constitutional rights are being violated. *Id*. Plaintiff attaches a November 21, 2008, letter from Defendants notifying Plaintiff that he has violated 24 C.F.R. § 982.551(h)(2), by having an unapproved occupant residing in his home. Doc. No. 1 at 4. The letter goes on to state the following:

> No payments will be made to your landlord on your behalf and this office will have no further contractual obligation for your housing benefits after December 31, 2008.
>
> . . .
>
> You may request an Informal Hearing concerning this action by contacting this office in writing within ten (10) business days from the date of this letter. Failure to comply within the specified time will automatically forfeit your rights to any future proceedings in this manner.

Doc. No. 1 at 4.

Plaintiff's Complaint does not state a claim, nor does it establish that this Court has jurisdiction. Plaintiff does not request any specific legal or equitable relief, other than asking the Court not to take his "Section 8" housing away. *Id.* Therefore, on January 30, 2009, the Court directed Plaintiff to file an amended complaint within fourteen (14) days. Doc. No. 6. In the order, the court notified Plaintiff that failure to timely file an amended complaint would result in the Complaint being dismissed. *Id*. To date, Plaintiff has not filed an amended complaint. Now before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Motion to Proceed *In Forma Pauperis*"). Doc. No. 2.

**I.     THE LAW**

    **A.     The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief
>             may be granted; or
>         (iii) seeks monetary relief against a
>             defendant who is immune from
>             such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge,

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

    **B.    Federal Rule of Civil Procedure 8**

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

**II.    APPLICATION**

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's Complaint fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8. Plaintiff does not establish this Court's jurisdiction to entertain the Complaint, and Plaintiff does not state any grounds for relief or upon what authority the Court may grant the relief requested. "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia County School Bd.*, Case No. 07-12704 2008 WL 80708, *2 (11th Cir. January 9, 2008) *(citing Hepperle v. Johnston*,

544 F.2d 201, 202 (5th Cir. 1976); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "In fact, we have recently observed that district courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" *Id. (quoting Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). Therefore, having directed Plaintiff to file an amended complaint (Doc. No. 6) and seeing as Plaintiff has failed to comply with that directive, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 17, 2009.

Copies furnished to:

/s/ Greg Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**